STEVENS V. STEVENS.

*Gift causa mortis — what is — delivery — possession.*

S., who owned two notes, permitted her husband to transfer the larger one to H., as collateral security for his debt. The other note was in a bureau drawer in the house where he and she lived. In her last sickness, a day a two before she died, S. said to her husband: " You may have all the money." No money was delivered, and S. owned no money or property except the notes and some household furniture. *Held,* (1) that a gift of the notes was intended; (2) that the larger note was not constructively or actually in the possession of the husband, and did not pass as a gift *causa mortis,* but (3) the smaller one was in his possession and did so pass.

APPEAL by Gilbert J. Stevens, administrator of the estate of Eliza J. Stevens, from a decree of the surrogate of Cayuga county.

Eliza J. Stevens, the wife of the appellant, received for her interest in her father's estate two promissory notes, amounting to the sum of $4,019. The appellant was indebted to one Hamilton and, with the consent of his wife, he transferred to said Hamilton the larger of said notes (one for $3,919) as collateral security for the payment of said indebtedness.

Mrs. Stevens died on the 30th of April, 1872, leaving three minor children. At the time of her death the large note above mentioned was held by Hamilton as collateral security as aforesaid. The other and smaller note was in a bureau in her dwelling-house. After his wife's death the appellant applied for letters of administration on her estate, and letters were issued in due form of law by the surrogate of Cayuga county, who had jurisdiction to issue the same. The appellant filed an inventory of the estate of his wife, in which were included the notes above mentioned and certain articles of household furniture ; it was verified by appellant as her administrator. He gave a bond for the faithful performance of his duties as such administrator. After the death of the wife he collected the moneys due on said notes. On the settlement of his account as administrator he claimed to be entitled to the whole personal estate of his wife in his own right, and also on the ground that she gave him the notes on her death-bed.

Evidence was given by the appellant to establish a gift *causa mortis,* but the surrogate held and decided that a gift was not

established by the proof, and that he was entitled by law to but one-third part of the wife's estate, and that the minor children were entitled to the remaining two-thirds, and a decree was entered accordingly, and from it the appellant appeals.

On the hearing before the surrogate, the appellant's counsel inquired of him while testifying as a witness in his own behalf, how long he had been in possession of the larger note at the death of his wife; whether he was in possession of it before she died. These questions were objected to by the counsel for the minor children, and they were overruled, and the appellant's counsel excepted. Several witnesses testified that they saw the appellant's wife a day or two before she died, and heard her say to the appellant, "you may have the money," or, "all the money." The witnesses saw no money, nor did any thing pass from the wife to appellant.

*A. W. Shurtleff*, for appellant.

*E. A. Woodin*, for respondent.

MULLIN, P. J. The decree of the surrogate must be modified. The questions referred to above as having been overruled by him. The surrogate were competent, and should have been allowed by him. They did not call for any communication or transaction between the deceased and her husband. If there was any aspect of the case in which the answer would be incompetent on that ground, it was the duty of appellant's counsel to state it. The questions might be answered without calling out any incompetent evidence.

There was no gift of the larger note, *causa mortis*, as there was no delivery of the thing claimed to be given. At the time when the pretended gift was made, the note which was the subject of it was in the hands of Hamilton, who held it as the property of the wife, and it was not actually or constructively in the possession of the appellant. If a gift of "money" would, under any circumstances, convey the note, still there should have been a delivery of something evidencing the gift in order to make it valid, or the appellant must have had the actual possession of the thing intended to be given. This he did not have.

The small note was in his possession; that is, it was in the bureau in his house, and presumptively accessible to him. I think he was entitled to the small note, or its avails. *Fulton* v. *Fulton*,

48 Barb. 581; *Champney* v. *Blanchard*, 39 N. Y. 111; *Allen* v. *Cowan*, 23 id. 502. The notes were not money, and if the language of the wife is to be strictly construed, the notes did not pass to the plaintiff. Regard must be had to the intention of the donor, rather than to the language in which the gift was made. It does not appear that she had money or property of any kind, except the notes and household furniture. She meant to give something to the plaintiff, and as there was nothing but the notes to give, we must hold that they were what she intended to give. They were but the evidences of a money indebtedness, out of which or by means of which money was to be realized. They were the representatives of money, and a gift of them was, in law, a gift of the money.

The decree must be modified so as to allow the appellant the $100 in addition to the amount awarded by the surrogate, and, as modified, it is affirmed without costs to either party.

*Ordered accordingly.*